JOHN M. REED, PROSECUTOR, v. THE TOWNSHIP OF IN-
DEPENDENCE, IN THE COUNTY OF WARREN, RE-
SPONDENT.

Submitted March 10, 1919—Decided June 3, 1919.

The language of section 28 of the Local Option Liquor law, providing
that after one election has been held under the act, another elec-
tion cannot be held until after the expiration of a two-year
period, contemplates that the first election shall have been a legal
election, and where the first election was nullified and declared
to be of no validity, and, in legal contemplation, no election, it
was competent for the voters to deal with the subject *de novo*
as if no election had in fact been held.

On *certiorari.*

Before Justice MINTURN, sitting alone, pursuant to the
statute.

For the prosecutor, *William A. Dolan.*

For the township, *John H. Dahlke* and *George S. Hobart.*

The opinion of the court was delivered by

MINTURN, J.    The writ of *certiorari* in this instance was
allowed to review the action of the township committee in
ordering a second special election under the provisions of the
Local Option act.   A previous election was held under the
provisions of the 'act and upon review by *certiorari* was set
aside.   The opinion of the court setting it aside was filed No-
vember 18th, 1918.   The rule setting it aside was signed
December 28th, 1918, and was entered on January 4th, 1919.
The delay incident to the entry of the rule is advanced as an
argument that pending its actual entry a second petition for
another election could not be acted upon by the township
committee, and all municipal action based thereon must *ex
necessitate* be stayed.

The petition for a second election was filed on November 23d, 1918.

If the argument of the prosecutor in this respect be countenanced, it must be within his power, by refraining from performing his duty in that regard, to stay further proceedings under the act *ad libitum,* unless his opponent should perform the duty. Neither the act of the legislature regulating the procedure upon this subject, nor the rules of the court will admit either the propriety or the legality of the procedure, as a basis for practically nullifying the provisions of the act, and the execution of the legislative intent. Both law and equity contemplate that as done which in justice ought to be done. But if there were a basis for the contention, the rule in question can be ordered amended so as to be entered *nunc pro tunc.* .

Passing to the meritorious question presented by the reasons, the contention is made that since there was a special election held under the provisions of the act, another election cannot be held for the same purpose, until after the expiration of two years from the date of the previous election. This contention is framed upon the language of the twenty-eighth section of the Local Option act. The difficulty of acceding to the correctness of the argument rests in the fact that the correctness of its main premise cannot be conceded.

The election held under the provisions of the act in legislative contemplation is a legal election, which operates as an expression of the popular will. The first election was nullified and declared to be of no validity. In legal contemplation, therefore, no election took place, and it was competent for the voters to deal with the subject *de novo* as if no election had in fact been held. The language of the section in question indicates such to be the legislative intent. It provides that after the bi-ennial period another election may be held "regardless of the result of any previous election." Concededly, no "result" can be said to have been achieved by the previous election, since in legal contemplation there was no election.

The obvious intent of the legislation was to enable the voters after two years' trial of the conditions resulting from the election to again express their will in ratification or disapprobation of the conditions created by the legislative policy thus formulated.

It is finally urged that the township committee did not determine that the petition was signed by the legally required number of voters. The records of the committee meeting show that the petition was presented and considered and thereafter the clerk was instructed to call an election for the 14th day of February. This municipal action presupposes that the committee performed the intervening duty of examining the petition and passing upon its legal validity. If the fact were otherwise, in the face of this record, the *onus* of proving it was upon the prosecution, who alleges non-performance.

The same question was raised in Cooper *v.* Frelinghuysen Township, and was disposed of by this court as devoid of merit.

The proceedings of the township committee will therefore be affirmed, with costs.